# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATONYA SIMMS,<br><br>                            Plaintiff,<br><br>    vs.<br><br>SIMPLY FASHION STORES LTD *et al.*,<br><br>                            Defendants. | Case No. 13cv1717 DMS (RBB)<br><br>**ORDER GRANTING EXACT TARGET INC.'S MOTION TO TRANSFER VENUE AND DENYING WITHOUT PREJUDICE SIMPLY FASHION STORES, LTD.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

Pending before the Court in this putative consumer class action are Defendant Exact Target, Inc.'s ("Exact Target") motion to transfer venue and Defendant Simply Fashion Stores Ltd.'s ("Simply Fashion") motion to dismiss for lack of personal jurisdiction. Plaintiff opposed the motions and Defendants replied. For the reasons which follow, Exact Target's motion is granted. This action is transferred to the United States District Court for the Southern District of Indiana. Simply Fashion's motion is denied without prejudice as moot.

According to the allegations in the operative first amended complaint, in March 2013, Plaintiff started receiving unsolicited text messages from Defendants regarding Simply Fashion's sales promotions. The messages were sent by Exact Target on behalf of Simply Fashion. Starting in May 2013, the messages included a method to opt out. Although Plaintiff opted out several times and received a confirmation each time, she continued to receive the messages.

On July 23, 2013, Plaintiff filed the instant putative consumer class action against Simply Fashion alleging violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. On September 13, 2013, the complaint was amended to include Exact Target. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331. Simply Fashion filed a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule 12(b)(2), and Exact Target filed a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) either to the Southern District of Indiana or the Northern District of Alabama.

The Court first turns to Exact Target's motion to transfer venue.[1] A transfer under section 1404(a) requires two findings: (1) that the action might have been brought in the transferee district, and (2) that the convenience of the parties and witnesses in the interest of justice favors transfer. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). The burden of showing that the alternative forum is more appropriate is on the moving party. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000).

In its opposition, Plaintiff does not deny that this action could have been brought in either requested transferee district. As to the remaining inquiry, the determination whether the convenience of the parties and witnesses in the interest of justice favors transfer is made "according to an individualized, case-by-case consideration of convenience and fairness." *Jones*, 211 F.3d at 498 (internal quotation marks and footnote omitted).

> For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id*. at 498-99 (footnotes omitted).

---

[1] Even if Simply Fashion is correct that this Court lacks personal jurisdiction over Simply Fashion, this does not bar transferring the action to another venue as requested by Exact Target. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962). "[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits." *Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (internal quotation marks and citation omitted). "[J]urisdiction is vital only if the court proposes to issue a judgment on the merits." *Id*. at 432 (internal quotation marks and citation omitted). A district court therefore may dispose of a case based on venue, "bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant." *Id*.

Simply Fashion is headquartered in Alabama. It operates women's clothing stores principally in the southeastern United States, has no stores in California, and its merchandise cannot be purchased online or by phone. (*See* Barstein Decl. at 2.) In July 2012, Simply Fashion entered into a Master Subscription and Professional Services Agreement with Exact Target to provide mobile advertising via text messaging. (*Id.* at 3 & Ex. A.) The agreement was executed in Indiana. (Decl. of Jill Brames in Support of Def. Exact Target, Inc.'s Mot. to Transfer Venue ("Brames Decl.") at 2.)

Exact Target, headquartered in Indiana, is a digital marketing company. Although approximately ten percent of Exact Target's work force is located in California and it maintains an office in San Francisco,[2] most of Exact Target's employees involved with the Simply Fashion contract worked from the Indianapolis headquarters, and none worked from California. (Klausner Decl. at 1; Decl. of Jill Brames in Support of Simply Fashion Stores Ltd.'s Mot. to Dismiss at 2.) Simply Fashion's employees had no contact with Exact Target's personnel in California. (Barstein Decl. at 2.) The text messages at issue were sent from Exact Target's servers in either Indiana or Nevada. (Brames Decl. at 2.)

According to Exact Target, out of ten anticipated key trial witnesses four would have to travel from Indiana, two from Alabama, and one each from Florida, Georgia, Tennessee and Louisiana. (Klausner Decl.; Brames Decl. at 2-4.) None of the parties maintains that any potential trial witness is located in California.

Plaintiff argues her choice of forum should prevail. "Although great weight is generally accorded plaintiff's choice of forum, when an individual ... represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Here, Plaintiff seeks to represent a nationwide class. Moreover, Plaintiff is a Louisiana resident. She does not allege that she received any messages in California, or that she was in California during any

---

[2] The San Francisco office is related to social media services, West Coast sales, services, and product engineering and development, none of which was a part of Simply Fashion's contract. (Brames Decl. at 4 & 5; Decl. of Ronald A. Marron in Support of Pl.'s Opp'n to Def. Simply Fashion Stores, Ltd.'s Mot. to Dismiss Under FRCP 12(b)(2) ("Marron Decl.") Ex. 4.) In July 2013, as this action was being filed, Exact Target was acquired by salesforce.com, Inc., a California corporation. (Marron Decl. at 1, Exs. 2 & 5; Klausner Decl. at 1.) Although Exact Target became a wholly-owned subsidiary of salesforce.com, it retained its corporate identity as a Delaware corporation. (Klausner Decl. at 1.)

1 relevant time, but admits the underlying events giving rise to her claims occurred in Louisiana.
2 (Opp'n at 11.) When, as here, "the operative facts have not occurred within the forum and the forum
3 has no interest in the parties or subject matter, [the plaintiff's] choice is entitled to only minimal
4 consideration." *Id*.

5 Based on the record, none of the parties have any relevant connection with this District, none
6 of the facts underlying Plaintiff's claim occurred in this District, and no witnesses are known to reside
7 in or near this District. On the other hand, this action has a significant connection to the Southern
8 District of Indiana,[3] the largest number of key trial witnesses resides in that district, and venue in that
9 district appears to be geographically considerably closer than this forum to all parties, including
10 Plaintiff. Accordingly, transfer to the Southern District of Indiana will allow this case to proceed more
11 conveniently and better serve the interests of justice. Plaintiff acknowledges that if Exact Target's
12 motion is granted, the entire action should be transferred in the interests of judicial economy. (Opp'n
13 at 11.) Simply Fashion has not opposed Exact Target's motion, and given the record, the Southern
14 District of Indiana is a more convenient forum for Simply Fashion than this District.

15 For the foregoing reasons, Defendant Exact Target, Inc.'s motion to transfer venue is granted.
16 This action is transferred to the United States District Court for the Southern District of Indiana.
17 Defendant Simply Fashion, Ltd.'s motion to dismiss is denied without prejudice as moot.

18 **IT IS SO ORDERED.**

20 DATED: May 9, 2014

22 HON. DANA M. SABRAW
United States District Judge

---

[3] In one sentence in her opposition Plaintiff indicates a preference for Eastern District of Louisiana as the transferee forum because this is where she resides and where the events underlying her claims arose. (Opp'n at 11.) Plaintiff's request is unsupported by evidence. Based on the evidence presented, the *Jones* factors favor Southern District of Indiana. Plaintiff's request is therefore denied.

- 4 -